IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND STILLMAN,

              Plaintiff,                    CV F 05 1214 AWI WMW P

      vs.                             ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO AMEND

AVENAL STATE PRISON, et al.,

              Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Avenal State Prison, brings this civil rights action against the California Department of Corrections and Avenal State Prison.

        Plaintiff's claim in this complaint stems from his diagnosis of degenerative disk disease and seizure disorder.  Prior to his transfer to Avenal, officials at North Kern State Prison issued an upper bunk chrono to Plaintiff.   Plaintiff alleges that at Avenal, he was placed in an upper bunk.  Plaintiff also alleges that, as a result of his condition, he fell down a flight of stairs. Plaintiff fails to name any individual defendants.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

Here, Plaintiff alleges that he suffered from a serious medical condition, which subjected him to dizziness.  Plaintiff does not, however, identify any individual defendants who knew of Plaintiff's condition, and acted with deliberate indifference to it.  In order to state a claim for relief, Plaintiff must identify individual defendants, and allege facts indicating those defendants

2

1  knew of and disregarded a serious risk to Plaintiff's health or safety, resulting in injury to

2  Plaintiff.

3       Further, "The Eleventh Amendment prohibits federal courts from hearing suits brought

4  against an unconsenting state.  Though its language might suggest otherwise, the Eleventh

5  Amendment has long been construed to extend  to suits brought against a state both by its own

6  citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop.,

7  951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44

8  (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144

9  (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

10      The Eleventh Amendment bars suits against state agencies as well as those where the

11  state itself is named as a defendant.  See Natural Resources Defense Council v. California

12  Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;

13  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of

14  Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles

15  Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   The California Department of

16  Corrections and Avenal State Prison should therefore be dismissed.

17      Because Plaintiff has failed to allege facts sufficient to state a claim for relief, the

18  complaint must be dismissed.  Plaintiff will, however, be granted leave to file an amended

19  complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

21  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

22  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

23  there is some affirmative link or connection between a defendant's actions and the claimed

24  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

25  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    June 23, 2006**                          **/s/  William M. Wunderlich**
mmkd34                                    UNITED STATES MAGISTRATE JUDGE